UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Marcus D. Kelly, ) | Civil Action No.: 4:17-cv-02858-RBH-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| QVC; Kathy McGeary, *Employee* ) | |
| *Relations*; Mike George, *CEO of QVC*; ) | |
| Sterling Infosystems, *Compliance* ) | |
| *Department*; and Ms. Clare Hart, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court for consideration of Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West.[1] *See* ECF Nos. 20 & 22. The Magistrate Judge recommends summarily dismissing four defendants from this action without prejudice. R & R at p. 5.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.).

to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**[2]

Plaintiff, proceeding pro se and in forma pauperis, has filed this employment action against his former employer, QVC, alleging discriminatory retaliation and termination under Title VII of the Civil Rights Act of 1964 (Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Americans with Disabilities Act of 1990 ("ADA").[3] *See* ECF No. 1-2. Besides QVC, Plaintiff names four other defendants: two individual employees of QVC (Kathy McGeary and Mike George), another company (Sterling Infosytems), and an individual employee of Sterling Infosystems (Clare Hart).[4] *See id.* at pp. 1–3. Plaintiff alleges QVC wrongfully terminated him after a coworker obtained a restraining order against him and Sterling Infosytems provided a "falsified" background check. *See id.* at p. 5; *see also* ECF No. 22 at pp. 1–2. The Magistrate Judge recommends summarily dismissing

---

[2] The R & R summarizes the factual and procedural background of this case, as well as the applicable legal standards.

[3] *See* 42 U.S.C. §§ 2000e *et seq.* (Title VII); 29 U.S.C. §§ 621 *et seq.* (ADEA); 42 U.S.C. §§ 12101 *et seq.* (ADA).

[4] The R & R indicates Clare Hart is a QVC employee, *see* R & R at pp. 1, 3–4, but Plaintiff's complaint specifies she is an employee of Sterling Infosystems (the "CEO"). *See* ECF No. 1-2 at pp. 2–3. The Court hereby modifies the R & R to reflect this fact.

2

all defendants except QVC. *See* R & R at pp. 3–5.

Plaintiff has filed objections asserting he should be able to sue all five defendants. *See* ECF No. 22. However, as the Magistrate Judge explains, Plaintiff cannot maintain claims against Defendants McGeary and George because they are individual employees of Defendant QVC, Plaintiff's employer. The Fourth Circuit has explicitly held that "Title VII, the ADA, and the ADEA . . . do not provide for causes of action against defendants in their individual capacities." *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010) (affirming the district court's dismissal of the same claims). Only employers—not individual employees—can be held liable under these federal laws. *See Baird ex rel. Baird v. Rose*, 192 F.3d 462, 471–72 (4th Cir. 1999) (ADA); *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180–81 (4th Cir. 1998) (Title VII); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510 (4th Cir. 1994) (ADEA); *see also McNeal v. Montgomery Cty., Md.*, 307 F. App'x 766, 775 n.6 (4th Cir. 2009) (citing *Birkbeck* and explaining "only an employer, and not an individual employee, may be held liable under the ADEA"); *see, e.g.*, *Brockington v. Bethea Baptist Ret. Cmty.*, No. 4:04-cv-00216-RBH, 2006 WL 2583751, at *8 (D.S.C. Sept. 7, 2006) (ruling the "plaintiff's causes of action under Title VII and the ADA against the defendants in their individual capacities should be dismissed").

As for Defendant Sterling Infosytems, Plaintiff's allegations indicate this defendant was merely a third party that provided a background check to QVC, and Plaintiff does not allege he was employed by any other entity besides QVC. Thus, because it was not Plaintiff's employer, Defendant Sterling Infosystems cannot be held liable under Title VII, the ADA, or the ADEA. *See Butler v. Drive Auto. Indus. of Am., Inc.*, 793 F.3d 404, 408 (4th Cir. 2015) ("An entity can be held liable in a Title VII action

only if it is an 'employer' of the complainant." (citing 42 U.S.C. § 2000e(b)));[5] *Birkbeck*, 30 F.3d at 510 ("The ADEA makes it unlawful for an 'employer' to discriminate . . . ." (citing 29 U.S.C. § 623(a))); *Harris v. Burnette*, 2017 WL 349207, at *3 (E.D. Va. Jan. 23, 2017) ("[T]he ADA imposes liability only for the discriminatory employment decisions made by an 'employer' . . . against an 'employee.'" (citing 42 U.S.C. §§ 12112(a), 12111(4)–(5))).

Finally, for the same reasons explained above, Defendant Hart cannot be held liable under Title VII, the ADA, or the ADEA because she is an individual third party and not Plaintiff's employer. Accordingly, the Court will dismiss her from this action.

## Conclusion

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Magistrate Judge's R & R [ECF No. 20] to the extent it is consistent with this Order. Accordingly, the Court **DISMISSES Defendants Kathy McGeary, Mike George, Sterling Infosystems, and Clare Hart** *without prejudice and without issuance and service of process*.[6] This action remains pending as to Defendant QVC.[7] **IT IS SO ORDERED.**

| | |
|---|---|
| Florence, South Carolina<br>May 3, 2018 | s/ R. Bryan Harwell<br>R. Bryan Harwell<br>United States District Judge |

---

[5] The Court is aware of the joint employment doctrine recognized in *Butler*, *see* 793 F.3d at 408–15, but as explained above, Plaintiff does not make allegations implicating this doctrine.

[6] In the Court's view, Plaintiff cannot cure the defects in his claims against these four defendants by mere amendment. *See Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015); *see, e.g.*, *Harris*, 2017 WL 349207, at *3 ("Because the ADA does not impose liability on individual supervisors under the circumstances alleged in this case, further amending of the [c]omplaint would be futile."); *Davis v. Durham*, 320 F. Supp. 2d 378, 409 (M.D.N.C. 2004) ("[I]t would be futile to permit an amendment to allege Title VII and ADEA liability against [individual employees] in their individual capacities because supervisors and agents are not liable in their individual capacities for Title VII or ADEA violations."). The Court therefore declines to automatically give Plaintiff leave to amend.

[7] Defendant QVC was served and has filed a motion to dismiss, which remains pending. *See* ECF No. 26.

4