UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Marcus D. Kelly, | ) | Civil Action No.: 4:17-cv-02858-RBH |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| QVC, | ) | |
| Defendant. | ) | |

This matter is before the Court for consideration of Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West.[1] *See* ECF Nos. 37, 39, & 43. The Magistrate Judge recommends that the Court grant Defendant's motion to dismiss but also consider giving Plaintiff leave to file an amended complaint as to several claims. R & R at p. 19.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.).

in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

**Discussion**[2]

Plaintiff Marcus D. Kelly, proceeding pro se, filed this employment action against his former employer, QVC ("Defendant"),[3] alleging discriminatory retaliation and termination under Title VII of the Civil Rights Act of 1964 (Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Americans with Disabilities Act of 1990 ("ADA").[4] *See* ECF No. 1-2. Plaintiff alleges Defendant wrongfully terminated him based upon a "falsified" background check obtained after a coworker secured a restraining order against him. Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) asserting Plaintiff failed to exhaust administrative remedies regarding some claims and fails to state a claim as to the remaining claims. *See* ECF No. 26. The Magistrate Judge recommends granting Defendant's motion but notes the Court may find it appropriate to permit Plaintiff

---

[2] The R & R thoroughly describes the factual and procedural background of this case, as well as the applicable legal standards.

[3] Besides QVC, Plaintiff originally named four other defendants—two individual employees of QVC (Kathy McGeary and Mike George), another company (Sterling Infosytems), and an individual employee of Sterling Infosystems (Clare Hart)—all of which the Court summarily dismissed without prejudice. *See* ECF No. 34. In his objections, Plaintiff continues to dispute the dismissal of those four defendants. *See* ECF No. 43. To the extent Plaintiff is seeking reconsideration of the Court's order dismissing them, the Court discerns no basis for reconsideration. *See generally* Fed. R. Civ. P. 54(b) (permitting the court to revise an interlocutory order before final judgment); *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (explaining the grounds on which a court may revise an interlocutory order under Rule 54(b)).

[4] *See* 42 U.S.C. §§ 2000e *et seq.* (Title VII); 29 U.S.C. §§ 621 *et seq.* (ADEA); 42 U.S.C. §§ 12101 *et seq.* (ADA).

to file an amended complaint regarding his administratively exhausted claims. *See* R & R at p. 19. Plaintiff has filed objections to the R & R, and Defendant has responded to Plaintiff's objections. *See* ECF Nos. 39, 41, 43, & 44.

Initially, the Court notes Plaintiff does not specifically object to the Magistrate Judge's construction of his particular Title VII, ADA, and ADEA claims. The Court reiterates that absent a specific objection, it need only review the R & R for clear error and need not explain its reason for adopting a proposed finding. *See Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 199–200. The Court discerns no clear error in the Magistrate Judge's interpretation of Plaintiff's claims and will address them below.

**I.     Unexhausted Claims**

The Magistrate Judge recommends dismissing Plaintiff's claims of (a) retaliation under Title VII, the ADA, and the ADEA, (b) national origin and religion discrimination under Title VII, and (c) disability discrimination under the ADA because he failed to exhaust his administrative remedies as to these claims.[5] *See* R & R at pp. 8–12, 19. Plaintiff does not appear to specifically object to the Magistrate Judge's conclusion that *these* claims were not administratively exhausted,[6] but in any event,

---

[5] The Magistrate Judge correctly recognized Fed. R. Civ. P. 12(b)(1)—lack of subject matter jurisdiction—is the more appropriate mechanism for addressing a motion regarding failure to exhaust administrative remedies. *See* R & R at p. 2 (citing *Agolli v. Office Depot, Inc.*, 548 F. App'x 871, 875 (4th Cir. 2013)); *see also Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 406 (4th Cir. 2013) ("[F]ederal courts lack subject matter jurisdiction over Title VII claims for which a plaintiff has failed to exhaust administrative remedies."); *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300–01 (4th Cir. 2009) ("[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim. The same is true of claims made under the ADEA." (internal citation and footnote omitted)); *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) ("Motions to dismiss for failure to exhaust administrative remedies are governed by Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction."), *aff'd*, 85 F. App'x 960 (4th Cir. 2004).

[6] Instead, Plaintiff discusses exhaustion in the context of the claims that he did in fact exhaust—race, color, gender, and age discrimination. *See* ECF No. 39 at pp. 2–3 (first listing the "reasons to continue case to trial" as "race," "color," "gender," and "age discrimination; and then asserting "Plaintiff has exhausted administrative remedies argument by stating the claim(s) above").

3

the Court agrees with the Magistrate Judge's conclusion. The Charge of Discrimination that Plaintiff filed with the South Carolina Human Affairs Commission[7] indicated he was claiming discrimination based on race, color, sex, and age—**not** retaliation, national origin, religion, or disability. *See* ECF No. 26-1 at p. 2. Thus, Plaintiff cannot now pursue a claim he did not present in his Charge of Discrimination. *See Balas*, 711 F.3d at 408 ("In determining what claims a plaintiff properly alleged before the EEOC, we may look only to the charge filed with that agency."); *Jones*, 551 F.3d at 300 ("The scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents."); *El-Reedy*, 273 F. Supp. 3d at 602 ("[I]n determining the scope of Plaintiff's exhausted claims, the Court is bound by the scope of Plaintiff's claims as are set forth in her administrative charge, and only those discrimination claims set forth in the administrative charge, reasonably related thereto, or which were developed by a reasonable investigation of the claims set forth in the original charge may be maintained in a subsequent [] lawsuit."). Accordingly, the Court will dismiss with prejudice Plaintiff's claims of retaliation and discrimination based on national origin, religion, and disability because he did not exhaust his administrative remedies as to these claims.[8]

---

[7] "Since South Carolina is a deferral state, the South Carolina Human Affairs Commission (SCHAC) is the appropriate state agency for instituting administrative proceedings . . . ." *El-Reedy v. Abacus Tech. Corp.*, 273 F. Supp. 3d 596, 601 (D.S.C. 2017). To the extent Plaintiff asserts his statements in the Initial Inquiry Questionnaire that he filed with the SCHAC should be considered exhausted claims, such an assertion is unfounded. This questionnaire contained the conspicuous disclaimer that "***COMPLETION AND SUBMISSION OF THIS QUESTIONNAIRE DOES NOT IMPLY OR CONSTITUTE THE FILING OF A CHARGE***," *see* ECF Nos. 1-3 & 31-2 at p. 1 (emphasis in original), and other judges in this district have likewise concluded a SCHAC questionnaire does not constitute a charge. *See Toro v. Sci. Applications Int'l Corp.*, No. 2:12-1833-DCN, 2013 WL 652568, at *2 (D.S.C. Feb. 21, 2013) ("[T]he initial inquiry questionnaire that [the plaintiff] completed does not constitute an administrative charge, and the information contained therein is not considered in developing claims outside of those listed in or reasonably related to the administrative charge." (collecting cases)); *id.* ("[T]he initial inquiry form contained a conspicuous disclaimer at the top of the form, making it impossible to interpret the questionnaire as a request for action."); *see also Balas*, 711 F.3d at 408 ("The intake questionnaire and the letters Balas submitted to the EEOC cannot be read as part of her formal discrimination charge . . . .").

[8] The Magistrate Judge concluded no amendment could cure these unexhausted claims, *see* R & R at p. 19 n.13, and Plaintiff does not specifically object to this proposed finding. Moreover, the Court finds amendment would be futile as to these administratively unexhausted claims, and therefore leave to amend them is not warranted. *See*

4

**II.     Exhausted Claims**

The Magistrate Judge recommends dismissing Plaintiff's remaining claims—(a) Title VII race, color, and gender/sex discrimination claims and (b) ADEA discrimination claims—pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *See* R & R at pp. 12–19. Plaintiff objects to this recommendation. *See* ECF No. 39 at pp. 1, 3–4.

"To survive a Rule 12(b)(6) motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 395 (4th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] plaintiff must provide sufficient detail to show that he has a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners, L.P.*, 887 F.3d 637, 645 (4th Cir. 2018) (alterations omitted).

Title VII prohibits an employer from terminating an employee on the basis of, *inter alia*, race, color, and sex, *see* 42 U.S.C. § 2000e-2(a)(1), and the ADEA prohibits such termination on the basis of age. *See* 29 U.S.C. § 623(a)(1). "[A]lthough the plaintiff need not plead facts that constitute a prima facie case under the framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), in order to survive a motion to dismiss, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–15 (2002), a civil rights plaintiff retains the burden of alleging facts sufficient to state a claim entitling her to relief." *Harman v. Unisys Corp.*, 356 F. App'x 638, 640 (4th Cir. 2009); *see Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 627 (4th Cir. 2015) (considering Title VII and ADEA claims in the context of Rule

---

*Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (recognizing amendments are futile if they cannot withstand a motion to dismiss); *Kramer v. Omnicare ESC, LLC*, 307 F.R.D. 459, 465 (D.S.C. 2015) ("[C]ourts have denied leave to amend as futile discrimination claims for failure to exhaust administrative remedies." (alteration in original)); *see, e.g.*, *Cuffee v. Verizon Commc'ns, Inc.*, 755 F. Supp. 2d 672, 680 (D. Md. 2010) ("Plaintiff has not exhausted her administrative remedies for retaliation, and the Court will deny the request to add a retaliation claim as futile.").

12(b)(6)); *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 191 (4th Cir. 2010) (analyzing a Title VII claim under Rule 12(b)(6)), *aff'd*, 566 U.S. 30 (2012).

Plaintiff's allegations are thoroughly summarized in the R & R, and the Magistrate Judge recommends finding he has failed to state any Title VII claims (for race, color, and gender/sex) or any ADEA discrimination claims because his allegations are insufficient to make out a plausible claim of disparate treatment. *See* R & R at pp. 14–19. The Court agrees with the Magistrate Judge. Plaintiff's complaint alleges in conclusory fashion that he was terminated because of his race, color, gender/sex, and age, but it does not contain sufficient facts making those claims plausible. *See Elliott*, 883 F.3d at 395. As it stands, Plaintiff's complaint indicates he was fired because a coworker obtained a restraining order against him, not because he was a certain race, color, gender/sex, or age. Thus, dismissal of such claims is warranted under Rule 12(b)(6).[9]

However, as both the Magistrate Judge and Defendant acknowledge, amendment could potentially cure the deficiencies in Plaintiff's Title VII race, color, and gender/sex discrimination claims and his ADEA discrimination claims. *See* R & R at pp. 17–19; ECF No. 26 at p. 12. "The court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), and the Fourth Circuit has recognized a court should not dismiss employment discrimination claims with prejudice if amendment is possible. *See Harman*, 356 F. App'x at 640; *see, e.g.*, *Goode*, 807 F.3d at 630 (remanding to the district court with instructions to allow the plaintiff to amend his complaint that alleged Title VII and ADEA claims). The Court will therefore dismiss these claims without prejudice

---

[9] In his objections, Plaintiff restates and supplements many of the allegations in his original pleadings. *See, e.g.*, ECF No. 39 at pp. 1–2. For example, Plaintiff indicates "[n]umerous employees" that are "whites and other gender" and "younger and older in age" were not terminated. *Id.* at p. 2. Plaintiff's objections are not part of his pleadings, and in any event, Plaintiff is free to include these allegations in an amended complaint, which the Court is giving him leave to file as explained below.

6

and with leave to amend, as indicated below.

## Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R & R [ECF No. 37] and **GRANTS** Defendant's motion to dismiss [ECF No. 26]. Accordingly, the Court **DISMISSES** *with prejudice* Plaintiff's claims of retaliation and discrimination based on national origin, religion, and disability (specifically, Plaintiff's claims of (a) retaliation under Title VII, the ADA, and the ADEA, (b) national origin and religion discrimination under Title VII, and (c) disability discrimination under the ADA).

However, as to Plaintiff's Title VII race, color, and gender/sex discrimination claims and his ADEA discrimination claims, Plaintiff may file an amended complaint as to these claims within **fifteen (15) days** of the date of this Order. In the event Plaintiff does not file an amended complaint curing the deficiencies as to those claims within fifteen days, those claims shall be dismissed without prejudice. In the event Plaintiff files an amended complaint as to those claims, the matter shall be recommitted to the Magistrate Judge for further pretrial handling.

**IT IS SO ORDERED.**

Florence, South Carolina
July 6, 2018

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge