UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Marcus D. Kelly, | ) | Civil Action No.: 4:17-cv-02858-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| QVC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, who recommends granting Defendant's motion to dismiss and dismissing Plaintiff's pro se amended complaint.[1] *See* ECF No. 60.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Neither party has filed objections to the R & R, and the time for doing so has expired.[2] In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Court is mindful of its duty to liberally construe the pleadings of pro se litigants such as Plaintiff. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

[2] Plaintiff's objections were due by January 31, 2019. *See* ECF Nos. 60 & 61.

Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

Having reviewed the record for clear error, the Court **ADOPTS** the Magistrate Judge's R & R [ECF No. 60] *except as modified by Footnote 2 below*.[3] Accordingly, the Court **GRANTS** Defendant's motion to dismiss [ECF No. 53], **DISMISSES** Plaintiff's amended complaint *with prejudice*,[4] and **DIRECTS** the Clerk to close this case. **IT IS SO ORDERED.**

Florence, South Carolina  
February 4, 2019

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

[3] The Court respectfully disagrees with the Magistrate Judge's recommendation regarding the timeliness of Plaintiff's amended complaint. *See* R & R at pp. 9–10. On July 25, 2018, the Court entered a text order extending the time for Plaintiff to file any amended complaint to August 9, 2018, and stating "[n]o further extensions will be granted." ECF No. 49. However, as Defendant correctly points out, Plaintiff (a non-prisoner) did not file his amended complaint until August 13, 2018, and therefore failed to comply with the Court's July 25 text order. "A paper is filed when it is delivered to the Clerk (or a judge), not when it is mailed. *See* Fed. R. Civ. P. 5(d)(2)." *Cleveland v. South Carolina*, No. 4:17-cv-02138-RBH, 2017 WL 4021082, at *1 (D.S.C. Sept. 13, 2017); *see Bacon v. Stiefel Labs., Inc.*, 714 F. Supp. 2d 1186, 1189 n.1 (S.D. Fla. 2010) (explaining Fed. R. Civ. P. 6(d) is inapplicable "[w]hen the Court orders action by a certain date"). Accordingly, the Court would alternatively dismiss this action with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a court order.

[4] The Court previously gave Plaintiff an opportunity to file an amended complaint (which he did), and Defendant then filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). As thoroughly explained in the R & R, the amended complaint still fails to state a plausible claim, and therefore the Court in its discretion is dismissing with prejudice. *See Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 292 (4th Cir. 2018) ("Dismissal under Rule 12(b)(6) is with prejudice unless it specifically orders dismissal without prejudice. That determination is within the district court's discretion." (brackets, ellipsis, and italics omitted)); *Workman v. Morrison Healthcare*, 724 F. App'x 280, 281 (4th Cir. 2018) (indicating that because "the district court already . . . afforded Workman the opportunity to amend," it could "dismiss the complaint with prejudice"). Additionally, as explained in Footnote 2, the Court would have alternatively dismissed this action based upon Plaintiff's failure to timely file his amended complaint.

2