UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Marcus D. Kelly, | ) | Civil Action No.: 4:17-cv-02858-RBH |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| QVC, | ) | |
| Defendant. | ) | |

This matter is before the Court for consideration of Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West.[1] ECF Nos. 60, 72.[2] The Magistrate Judge recommends granting Defendant QVC's ("QVC")[3] motion to dismiss and dismissing the amended complaint with prejudice. R & R at 14.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.).

[2] Plaintiff originally failed to timely file objections to the R&R. Accordingly, the Court issued an Order dated February 4, 2019, adopting the R&R and dismissing Plaintiff's amended complaint with prejudice. ECF No. 62. The Court subsequently granted a motion for reconsideration by Plaintiff, vacated its February 4, 2019 Order, and provided Plaintiff until May 10, 2019, to file objections to the R&R. ECF No. 69. Plaintiff filed his instant objections May 10, 2019. ECF No. 72.

[3] Plaintiff originally brought suit against Defendants QVC, Kathy McGeary, Mike George, Sterling Infosystems, and Clare Hart. ECF No. 1-2. On May 3, 2018, the Court issued an Order dismissing Defendants Kathy McGeary, Mike George, Sterling Infosystems, and Clare Hart, and leaving QVC as the sole Defendant in this lawsuit. ECF No. 34.

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

**Discussion**[4]

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this employment action against his former employer, QVC, alleging discrimination on the basis of race, color, and gender/sex pursuant to Title VII of the Civil Rights Act of 1964 (Title VII"), and discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA").[5, 6] ECF No. 52. Plaintiff alleges QVC discriminated and retaliated against him on the basis of his race, national origin, religion, disability,

---

[4] The R & R summarizes the factual and procedural background of this case, as well as the applicable legal standards.

[5] *See* 42 U.S.C. §§ 2000e *et seq.* (Title VII); 29 U.S.C. § 621 *et seq.* (ADEA).

[6] Plaintiff originally brought claims for discrimination based on national origin, religion, race, color, and gender/sex pursuant to Title VII, discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.* (ADA), discrimination in violation of the ADEA, and retaliation under Title VII, ADEA, and ADA. *See* ECF No. 37 at 5-6 (summarizing Plaintiff's claims). In an Order issued July 6, 2018, this Court dismissed with prejudice Plaintiff's retaliation claims under Title VII, ADEA, and ADA, his Title VII discrimination claims based on national origin and religion, and his ADA discrimination claim. ECF No. 45. The Court granted Plaintiff leave to amend his complaint as to his Title VII race, color, and gender/sex discrimination claims and his ADEA discrimination claim. *Id.* It is Plaintiff's amended complaint, ECF No. 52, that is at issue in the R&R currently pending before the Court.

2

sex/gender, and color, and wrongfully terminated him after a coworker obtained a restraining order against him. *Id.*[7] QVC has filed a motion to dismiss Plaintiff's amended complaint in which it seeks dismissal with prejudice of Plaintiff's amended complaint. ECF No. 53. QVC advances Plaintiff's amended complaint should be dismissed because: (1) the amended complaint is untimely; (2) the Court has previously dismissed some of Plaintiff's claims; and (3) Plaintiff fails to state a claim upon which relief can be granted as to the remaining causes of action. *Id.* Plaintiff responded to QVC's motion to dismiss, ECF No. 57, and QVC replied, ECF No. 58.

The Magistrate Judge recommends the Court grant QVC's motion to dismiss, and dismiss Plaintiff's amended complaint with prejudice. R & R. The Magistrate Judge notes Plaintiff's amended complaint was untimely filed, but suggests the Court excuse the untimeliness. *Id.* at 9. The R&R further recommends Plaintiff's remaining claims are due to be dismissed for failure to state a claim because he has neglected to provide sufficient facts to state discrimination claims at this stage of the proceedings. *Id.* at 10-14.

Plaintiff has filed objections. ECF No. 72. However, in his objections, Plaintiff fails to allege a specific error in the R&R. Further, having reviewed the R & R, the record, and the law, the Court can discern no clear error. For those reasons, the Court will overrule Plaintiff's objections and adopt the R & R.

---

[7] Though Plaintiff continues to raise allegations regarding Title VII discrimination on the basis of national origin and religion, and retaliation under Title VII, ADA, and ADEA, *see* ECF No. 52, the Court notes these claims have previously been dismissed with prejudice. ECF No. 45; *supra* n.6. Plaintiff likewise mentions some of the previous Defendants in his amended complaint. *See, e.g.*, ECF No. 52 at 5 (indicating Clare Hart and Sterling Infosystems provided incorrect background checks). To the extent Plaintiff wishes to assert claims against Defendants other than QVC, the remaining Defendants were dismissed in a prior Order. ECF No. 34; *supra* n.3. Accordingly, the Court will decline to further analyze any claims related to the previously dismissed Defendants or previously dismissed causes of action.

**<u>Conclusion</u>**

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Magistrate Judge's R & R, ECF No. 60, to the extent it is consistent with this Order. Accordingly, the Court grants Defendant QVC's motion to dismiss, ECF No. 53, and dismisses with prejudice Plaintiff's amended complaint, ECF No. 52. **IT IS SO ORDERED.**

Florence, South Carolina　　　　　　　　　　　　　　　s/ R. Bryan Harwell
June 3, 2018　　　　　　　　　　　　　　　　　　　　R. Bryan Harwell
　　　　　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge